IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **NELSON ROSALES FORONDA,** § | |
| § | |
| *Petitioner,* § | |
| § | |
| v. § | CASE NO. 6:25-CV-00576-ADA-DTG |
| § | |
| **KRISTI NOEM,** in her official capacity § | |
| as U.S. Secretary of Homeland Security, § | |
| et al., § | |
| § | |
| *Respondents,* § | |

## ORDER TO RELEASE PETITIONER

Pending before the Court is the petitioner, Nelson Rosales Foronda's petition for a writ of habeas corpus (Dkt. No. 1). The petition is fully briefed, and on December 18, 2025, Magistrate Judge Derek T. Gilliland heard arguments from the parties. The Court has reviewed those proceedings. After careful consideration of the briefs, arguments, and the applicable law, the Court hereby **GRANTS** Petitioner's Petition and **ORDERS** his immediate release.

### I.   BACKGROUND

The relevant facts are undisputed. The petitioner, Nelson Rosales Foronda, is a Bolivian citizen who entered the United States over twenty-three years ago. Dkt. No. 8 at 1. On or about September 17, 2025, officers for Immigration and Customs Enforcement ("ICE") arrested the petitioner in Washington D.C. and transferred him to the Limestone County Detention Facility in Groesbeck, Texas, where he is currently being held. Dkt. No. 1 at 1.

Historically, an alien that is already in the country at the time of his arrest would be eligible for a bond hearing before an immigration court under 8 U.S.C. § 1226(a). *See Becerra Vargas v. Bondi*, SA-25-CV-01023-FB-HJB, 2025 WL 3300446, at *4 (W.D. Tex. Nov. 12, 2025), *report and recommendation adopted*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26,

2025). The petitioner, however, has been detained pursuant to the government's new immigration policy of holding all aliens classified as "applicants for admission" without bond under 8 U.S.C. § 1225(b)(2). *See* Dkt. No. 1 at 5. As a result, the petitioner claims that filing a bond application would be futile and instead filed a petition for a writ of habeas corpus. *Id.*

The petitioner claims that his detention violates the Immigration and Nationality Act ("INA") and his right to substantive and procedural due process under the Fifth Amendment. *Id.* at 13–17. The petitioner also claims that his detention violates court orders issued in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), a nationwide class action seeking declaratory judgment on the rights at issue in this case. *Id.* at 5. The petitioner asks the Court to declare that he cannot be detained under 8 U.S.C. § 1225(b)(2) and order his immediate release from custody. *Id.* at 18. In the alternative, he asks the Court to order the respondents to provide him a bond hearing. *Id.*

## II.     ANALYSIS

This petition is one of many filed following the Board of Immigration Appeals' recent holdings in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In both opinions, the Board of Immigration Appeals concluded that detainees present in the United States without admission were subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and could not be considered for release on bond. As a result, immigration judges have uniformly denied such bond requests without reaching their merits.

This approach has been rejected by the courts of this district. The undersigned joins these opinions and orders the petitioner's immediate release.

### A. Jurisdiction

As always, the Court must first consider its own jurisdiction. *E.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (rejecting the practice of assuming jurisdiction and holding that determining jurisdiction is a fundamental threshold issue). Generally, federal district courts have the authority to issue writs of habeas corpus for those incarcerated within the district in which it sits. 28 U.S.C. § 2241(a); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (stating that the "district of incarceration" has jurisdiction over § 2241 petitions). As the petitioner is incarcerated within the Western District of Texas, § 2241(a) grants this Court jurisdiction over his petition. The respondents argue that the jurisdiction-stripping provisions found in 8 U.S.C. §§ 1252(g) and 1225(b)(4) bar judicial review. Dkt. No. 5 at 5–6.

#### 1. 8 U.S.C. § 1252(g) Does Not Deprive the Court of Jurisdiction

The respondents contend that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over this petition. Section § 1252(g) strips district courts of jurisdiction over cases "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The respondents broadly construe this to deprive federal courts of jurisdiction over "any part of the process by which [the petitioner's] removability will be determined." Dkt. No. 5 at 5.

This Court does not agree with that interpretation. Section 1252(g) only prevents judicial review of the "three specific actions" outlined in its text. *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018) (rejecting a broad reading of § 1252(g) and limiting it "to just those three specific actions"); *Lopez-Arevelo v. Ripa*, Case No. EP-25-CV-337-KC, 2025 WL 2691828, at *4 (W.D. Tex. Sept. 22, 2025). The petitioner challenges his detention without a bond hearing, and as held by other

courts of this district, § 1252(g) does not deprive this Court of jurisdiction. *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *4–5.

### 2. Section 1225(b)(4) Does Not Deprive the Court of Jurisdiction

The respondents also claim that 8 U.S.C. § 1225(b)(4) deprives the Court of jurisdiction. The respondents contend that the statute requires the petitioner to challenge his classification as an applicant for admission in his ongoing removal proceedings before it is subject to judicial review. Dkt. No. 5 at 6. They argue that this interpretation of § 1225(b)(4) is consistent with the channeling provisions found in 8 U.S.C. § 1252(b)(9), which provides that challenges to removal proceedings must be reviewed by the court of appeals upon a final order of removal. *Id.* (citing *SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)).

This argument fails on the plain language of the statute. Section 1225(b)(4) provides that any decision of an examining immigration officer that is "favorable to the admission of any alien" may be challenged by another immigration officer before the immigration court. While the case cited by respondents—*SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)—never referenced § 1225(b)(4), it involved an ICE appeal of a bond determination that was favorable to the alien, which is not the situation here. Section 1225(b)(4) does not apply to challenges raised by an alien and has no bearing on this case. Accordingly, neither provision strips the Court of its jurisdiction.

### B. *Maldonado Bautista* Does Not Affect These Proceedings

Before reaching the petition's merits, the Court considers the petitioner's argument that the court's orders in *Maldonado Bautista* control in this case. In *Maldonado Bautista*, the United States District Court for the Central District of California granted partial summary judgment against the respondents in a declaratory judgment action that sought to define aliens' rights under 8 U.S.C. §§

1225 and 1226. *Maldonado Bautista v. Santacruz* (*Maldonado Bautista I*), No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at * 11 (C.D. Cal. Nov. 20, 2025). In a later order, the court certified a nationwide class of bond eligible aliens and "extend[ed] the same declaratory relief granted [in the summary judgment order] to the Bond Eligible Class as a whole." *Maldonado Bautista v. Santacruz* (*Maldonado Bautista II*), No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

The respondents argue that these orders have no preclusive effect as final judgment has not been entered in the case. Dkt. No. 5 at 9 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). And, at the time this matter was briefed, the respondents were correct that the *Maldonado Bautista* court had not issued its final judgment. However, on December 18, 2025, the court released an amended order clarifying its opinions in *Maldonado Bautista I* and *Maldonado Bautista II* and entered final judgment. *See* Am. Order Consolidating Ct.'s Orders, *Maldonado Bautista*, No. 5:25-CV-01873-SSS-BFM, Dkt. No. 93.

In its amended order, the court clarified that it had not ordered the respondents "to provide habeas relief for all class members across the nation." *Id.* at 46. The court emphasized that it did not and could not "order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this district." *Id.* at 48. Accordingly, *Maldanado Bautista* does not resolve the instant petition.

The Court does not reach whether the declaratory judgment issued in *Maldonado Bautista* has any binding effect on its determination of the rights of the parties before it. After reviewing the relevant facts and the underlying law, the Court instead notes its independent agreement with the *Maldonado Bautista* court's conclusion, as follows.

### C. The Petitioner Is Not Subject to Mandatory Detention Under the INA

The petitioner challenges his detention under the INA and the Fifth Amendment. Dkt. No. 1 at 13–17. At the hearing, the parties stipulated that the Court need not reach the merits of the petitioner's constitutional claims if he succeeded on his claim under the INA. Accordingly, the Court first considers whether the petitioner's detention violates the INA.

This case turns on whether the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or entitled to a bond hearing under § 1226(a). Section 1225(b)(2) mandates the detention of any alien "who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted . . . ." Traditionally, § 1225(b)(2) has been applied only applicants for admission who are "seeking admission" into the country. *See Becerra Vargas*, 2025 WL 3300446, at *4. Aliens already in the country, however, have historically been detained under the procedures outlined in § 1226, which allows them to seek release on bond during their removal proceedings. *See id.* In the wake of the BIA's decisions in *Q. Li* and *Yajure Hurtado*, the government shifted from its historic approach and asserted that all applicants for admission—whether seeking admission into or already in the United States—are subject to mandatory detention under § 1225(b)(2).

While the respondents' interpretation of § 1225 is new, this Court is not the first to deliberate on it. Many federal courts have considered the government's position at length. The majority and all within this District have rejected it. *See, e.g., Aguinaga-Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572, at *5 (W.D. Tex. Nov. 24, 2025); *Mayancela v. Noem*, No. 5:25-CV-1038-OLG-RBF (W.D. Tex. Nov. 18, 2025) (collecting cases); *Buenrosto-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Lopez-Arevelo v. Ripa*, No.

EP-25-CV-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025). The Court finds these opinions persuasive and adopts their reasoning in the present case.

Section 1225(b)(2)'s plain text sets three requirements to mandatory detention. First, the alien must be "an applicant for admission." Second, the alien must be "seeking admission." Third, an examining immigration officer must find that the alien "is not clearly and beyond a doubt entitled to be admitted." *Aguinaga-Trujillo*, 2025 WL 3471572, at *5. The Court finds that the petitioner falls within the relevant definitions of an "applicant for admission." *See* 8 U.S.C. §§ 1101(a)(4) & 1225(a)(1). The critical dispute is whether the petitioner qualifies as an alien "seeking admission."

The respondents' interpretation of "seeking admission" is problematic at best. As many other courts have noted, the respondents' interpretation of the statute would render the phrase "seeking admission" meaningless. *See Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *see also Becerra Vargas*, 2025 WL 330446, at *4. If, as respondents propose, § 1225(b)(2)(A) applied to "all 'applicant[s] for admission,' there would be no need to include the phrase 'seeking admission'." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 (S.D.N.Y. 2025). At the time of his detention, the petitioner was already present in the United States and had been for twenty-three years. Dkt. No. 8 at 1. An applicant for admission who is already present in the country, such as the petitioner, is therefore not "seeking admission" as required by § 1225(b)(2)(A). *See Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *Becerra Vargas*, 2025 WL 3300446, at *4.

This interpretation of "seeking admission" is reinforced by the Supreme Court's discussion in *Jennings*. There, the Supreme Court stated that § 1225 (b)(2) allowed the government to detain noncitizens "seeking admission." *Jennings*, 583 U.S. at 289. Meanwhile, § 1226 allowed the government to detain noncitizens "already in the country." *Id.* The distinction highlighted by

*Jennings* comports with the text of the statute and the many cases that have followed it. *See generally Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *Becerra Vargas*, 2025 WL 3300446, at *5.

Based on this interpretation of the statutes, the petitioner's detention would fall under § 1226, not § 1225(b)(2). The Court therefore finds that his continued detention under § 1225(b)(2) is unlawful and that petitioner's habeas petition will be granted. The respondents have stipulated that the Court should order the petitioner's immediate release should it grant his petition. Therefore, the undersigned issues a writ of habeas corpus and orders the petitioner's immediate release from custody.

### III.   CONCLUSION

Petitioner has shown that his continued detention under 8 U.S.C. § 1226 is unlawful. Thus, Petioner's Petition is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents are **DIRECTED** to **RELEASE** Petitioner Nelson Rosales Foronda from custody, under appropriate conditions, to a public place by **no later than 6:00 p.m. on December 23, 2025**. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before the release.** If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that Petitioner must be afforded a bond hearing.

All other relief is **DENIED AS MOOT**.

**SIGNED** this 22nd day of December, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE